O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DIANA LYNN DUNLAP,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. CV 15-07597-DFM<br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff Diana L. Dunlap ("Plaintiff") appeals from the final decision of the Administrative Law Judge ("ALJ") denying her applications for Social Security disability benefits. Because the ALJ's decision was supported by substantial evidence in the record, the Commissioner's decision is affirmed and the matter is dismissed with prejudice.

**I.**

**BACKGROUND**

Plaintiff filed an application for Social Security disability insurance benefits ("DIB") and supplemental security income ("SSI") on October 13, 2011, alleging disability beginning June 6, 2011 in her DIB application and

June 11, 2007 in her SSI application. Administrative Record ("AR") 264-77. She later amended her alleged onset date to June 3, 2012. AR 125. After Plaintiff's applications were denied initially and upon reconsideration, she requested a hearing before an ALJ. AR 239-40. On April 14, 2014, a hearing was held on Plaintiff's claim for benefits. AR 147-68. On May 9, 2014, the ALJ issued an unfavorable decision. AR 122-40. In reaching this decision, the ALJ found that Plaintiff had the severe impairments of hypothyroidism/Grave's disease; asthma; degenerative changes of the cervical spine; back pain; and obesity. AR 127. The ALJ determined that despite her impairments, Plaintiff had the RFC to perform medium work with some additional limitations. AR 131. Relying on the testimony of a vocational expert, the ALJ found that Plaintiff could perform her past relevant work as a cashier and therefore was not disabled. AR 135. After the Appeals Council denied further review, this action followed. AR 1-2.

## II.
## ISSUE PRESENTED

The parties dispute whether the ALJ properly considered the examining physician's opinion. See Joint Stipulation ("JS") at 3-4.

## III.
## THE ALJ PROPERLY WEIGHED THE
## EXAMINING PHYSICIAN'S OPINION

Plaintiff contends that the ALJ improperly rejected the opinion of an examining physician, Dr. Michael Singleton. In particular, Plaintiff complains that the ALJ erred when he assigned only "some weight" to the physician's opinion on the basis that the objective medical evidence did not support the manipulative limitations opined by Dr. Singleton. See JS at 7-9.

In evaluating Plaintiff's RFC, the ALJ reviewed the opinions of Plaintiff's treating, consulting, and reviewing doctors, and assigned weight to

2

their medical opinions. The ALJ articulated the following rationale for giving only some weight to Dr. Singleton's findings:

> The undersigned assigns some weight to the internal medicine consultative examiner's medical opinion opined by Dr. Michael Singleton. Dr. Singleton examined the claimant on January 14, 2012. The claimant's chief complaints included hypothyroidism; bradycardia; and, hypertension. Dr. Singleton performed a physical examination of the claimant and noted the claimant was able to walk to the examination room without any assistance and she was able to take off her shoes and put them back on. The claimant's physical examination was within grossly normal limitations. However, Dr. Singleton noted positive Tinel's sign involving her wrists. Dr. Singleton opined the general limitations that were opined by the State Agency physicians noted above. However, Dr. Singleton opined that the claimant was limited to occasional reaching, handling, fingering and feeling (Exhibit 3F [AR 395–400]). The undersigned only assigns some weight to this one time examining medical opinion has [sic] the objective medical evidence does not support the manipulative limitations opined by Dr. Singleton. Thus, the undersigned only assigns some weight to the examining medical opinion.

AR 134.

Three types of physicians may offer opinions in Social Security cases: those who directly treated the plaintiff, those who examined but did not treat the plaintiff, and those who did not treat or examine the plaintiff. See 20 C.F.R. §§ 404.1527(c), 416.927(c); Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995) (as amended). A treating physician's opinion is generally entitled to more weight than that of an examining physician, which is generally entitled

to more weight than that of a non-examining physician. Lester, 81 F.3d at 830. Thus, the ALJ must give specific and legitimate reasons for rejecting a treating physician's opinion in favor of a non-treating physician's contradictory opinion or an examining physician's opinion in favor of a non-examining physician's opinion. Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007) (citing Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998)); Lester, 81 F.3d at 830-31 (citing Murray v. Heckler, 722 F.2d 499, 502 (9th Cir. 1983)). When a treating or examining physician's opinion is uncontroverted by another doctor, it may be rejected only for "clear and convincing" reasons. See Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1164 (9th Cir. 2008) (citing Lester, 81 F.3d at 830-31). Where such an opinion is contradicted, the ALJ must provide only "specific and legitimate reasons" for discounting it. Id. Moreover, "[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); accord Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001). Further, the weight given a physician's opinion depends on whether it is consistent with the record and accompanied by adequate explanation, the nature and extent of the treatment relationship, and the doctor's specialty, among other things. 20 C.F.R. §§ 404.1527(c)(3)-(6), 416.927(d)(2)(i)-(ii).

      Here, the record shows that Dr. Singleton's opinion about manipulative limitations was contradicted by other doctors. Both non-examining state agency physicians found no manipulative limitations. See AR 178, 208. Thus, the Court must determine whether the ALJ gave specific and legitimate reasons for discounting Dr. Singleton's findings regarding Plaintiff's manipulative limitations.

      Dr. Singleton cited no laboratory tests or clinical findings in support of

4

1  his opinion that Plaintiff was limited in her handling, fingering, or otherwise.
2  See Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1195 (9th Cir.
3  2004) (holding that ALJ need not accept opinion of treating physician if it is
4  inadequately supported by clinical findings). To the contrary, the record
5  contains several laboratory findings indicating that Plaintiff has normal
6  sensory, motor, coordination, and fine motor abilities. AR 104, 458, 464.
7  Although Dr. Singleton noted a positive Tinel's sign in Plaintiff's wrists, the
8  ALJ noted that "there has been no treatment and no complaints to treating
9  sources." AR 128.

10  The ALJ also noted the medical records showed Plaintiff's symptoms
11 were stable and improving. AR 132-33. On December 7, 2010, Plaintiff was
12 seen at Community Health Centers ("CHC"), and complained of numbness in
13 her hands, neck, and feet. AR 462. However, as the ALJ noted, the physical
14 examination notes from that day were unremarkable and Plaintiff's Tinel's
15 sign was negative. See AR 464. In a subsequent visit to CHC in April 2011,
16 Plaintiff reported that her symptoms had improved, and in February 2012,
17 Plaintiff reported no feelings of numbness. AR 453, 414. The ALJ noted that
18 the record showed no treatment for nine months after February 2012. AR 133.
19 The improvement in and lack of treatment of Plaintiff's symptoms were both
20 specific and legitimate reasons for discounting Dr. Singleton's opinion. See
21 Rollins v. Massanari, 261 F.3d 853, 856 (9th Cir. 2001) (finding that ALJ
22 properly refused to fully credit treating physician's opinion where the
23 functional limitations were undermined by improvement in the claimant's
24 condition and a conservative course of treatment).

25  Relying on Embrey v. Brown, 849 F.2d 418, 421-22 (9th Cir. 1988),
26 Plaintiff argues that the ALJ was required to articulate more fully his
27 reasoning in rejecting Dr. Singleton's opinion. The Court disagrees. In
28 Embrey, the ALJ rejected the opinions of three treating physicians and one

consulting physician to determine that the claimant was not disabled. The Court thus held that "where the medical opinions of the physicians differ so markedly from the ALJ's, it is incumbent on the ALJ to provide detailed, reasoned, and legitimate rationales for disregarding the physicians' findings." Id. at 422. Here, by contrast, a single examining physician's findings about manipulative limitations were the outlier. And the ALJ did more than just note the absence of objective medical findings. The ALJ also noted the record of Plaintiff's improvement, the lack of treatment, the absence of complaints, and other unremarkable findings. This satisfied Embrey's requirements. See Hoptowit v. Astrue, No. 09-3062, 2010 WL 4052176, at *6 (E.D. Wash. Oct. 14, 2010) ("[The ALJ's] reasons meet the level of specificity required by Embrey and its progeny for properly rejecting a treating doctor's opinion. In addition to the lack of objective findings, the ALJ relied on the opinions of [a one-time treating doctor and the medical expert], and rejected [the opinion of a doctor who treated plaintiff for over ten years] because it is vague, supported by sparse treatment notes, and inconsistent with plaintiff's statements and activities."); Wallace v. Astrue, No. 10-1551, 2012 WL 112615, at *15 (E.D. Cal. Jan. 12, 2012) ("Embrey is distinguishable from this case. In finding [that] Embrey was not disabled, the ALJ rejected the opinions of three treating physicians and one consulting physician that Embrey was permanently and totally disabled. . . . Here, the nonconforming opinion is [a primary care physician's]: the opinions of Plaintiff's other physicians and of the examining physicians both contradict [that] opinion and are based on objective evidence. . . . In addition, [the primary care physician's] own objective findings . . . are inconsistent with his opinion of Plaintiff's residual functional capacity.").

      It is the ALJ's province to synthesize the medical evidence. See Lingenfelter v. Astrue, 504 F.3d 1028, 1042 (9th Cir. 2007) ("When

evaluating the medical opinions of treating and examining physicians, the ALJ has discretion to weigh the value of each of the various reports, to resolve conflicts in the reports, and to determine which reports to credit and which to reject."); Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 603 (9th Cir. 1999) (holding that ALJ was "responsible for resolving conflicts" and "internal inconsistencies" within doctor's reports). Where, as here, the evidence is susceptible of more than one rational interpretation, the ALJ's decision must be upheld. See Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). Moreover, as noted above, an ALJ is not required to accept the opinion of any physician if the opinion is brief, conclusory, and inadequately supported by clinical findings. Thomas, 278 F.3d at 957. Where, as here, an examining physician's opinion is contradicted by the opinion of another physician, the ALJ is required to do no more than provide specific and legitimate reasons for discounting the examining physician's opinion. Lester, 81 F.3d at 830-31. The ALJ did so here.

## IV.
## CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is AFFIRMED and the action is DISMISSED with prejudice.

Dated: July 25, 2016

DOUGLAS F. McCORMICK
United States Magistrate Judge